UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agus Hartono,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Yolanda Lewis,<br><br>　　　　　　　Defendant. | No. 2:22-cv-01151-KJM-DB<br><br>ORDER |

On July 5, 2022, defendant Yolanda Lewis, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. As explained below, the court **remands** the case to the Sacramento County Superior Court.

I.　　**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

1

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000, and the parties are in complete diversity.  28 U.S.C. § 1332.  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

## II.     DISCUSSION

Lewis's notice of removal appears to assert the court has federal question jurisdiction under § 1331.  Lewis alleges plaintiff violated several federal statutes and international treaties.  ECF No. 1 at 3.  Lewis also mentions admiralty law.  *Id*.  However, the plaintiff's complaint filed in state court asserts only a claim for unlawful detainer of real property, which is a matter of state law.  *See id*. at 14–27.  As noted above, Lewis's answer or counterclaim cannot serve as the basis for federal question jurisdiction.  *Vaden*, 556 U.S. at 60.  Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction.  Plaintiff's complaint seeks possession of the premises and damages of $78.33 per day for each day from February 15, 2022

until the date of judgment.  ECF No. 1 at 27.  Because these damages are not likely to total more than $75,000, the court cannot exercise diversity jurisdiction over the action.

### III.  CONCLUSION

For the foregoing reasons, the court has determined sua sponte that it lacks subject matter jurisdiction, and thus **remands** the case to the Sacramento County Superior Court.  *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

IT IS SO ORDERED.

DATED: July 12, 2022.

CHIEF UNITED STATES DISTRICT JUDGE